MDR

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alexander Frometa Garcia, as Next Friend of Valentina Chavez Cano,[1] | No.    CV-26-00866-PHX-JJT (DMF) |
| Petitioner, | **ORDER** |
| v. | |
| Merrick B. Garland, *et al.*, | |
| Respondents. | |

On February 9, 2026, Alexander Frometa Garcia, as Next Friend of Valentina Chavez Cano ("Petitioner"), filed a Petition under 28 U.S.C. § 2241 (Doc. 1) and paid the filing fee.  Petitioner is detained at the Eloy Detention Center.  Mr. Garcia seeks to challenge the lawfulness of Petitioner's continued immigration detention and contends Petitioner cannot appear on her own behalf to prosecute this habeas corpus action because she is in immigration detention and "unable to personally prepare, sign, and file this petition on her own behalf."

"'[N]ext friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). To qualify for "next friend" standing, a "next friend" must "provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the

---

[1] The docket incorrectly inverts these names.  The Court will direct the Clerk of Court to correct the docket to reflect this case was filed by "Alexander Frometa Garcia, as Next Friend of Valentina Chavez Cano."

real party in interest cannot appear on [her] own behalf to prosecute the action," must be "truly dedicated to the best interests of the person on whose behalf he seeks to litigate," and "must have some significant relationship with the real party in interest." *Id.* at 163-64. "The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id*. at 164.

Petitioner's detention does not prevent her from prosecuting a habeas corpus action on her own behalf; indeed, many habeas corpus petitioners in this Court do so. Because Mr. Garcia has failed to meet his burden of establishing next friend standing, the Court will deny him "next friend" status and dismiss without prejudice the Petition and this action.[2]

Petitioner, on her own behalf, may file a *new* habeas corpus petition in a *new* case and either pay the $5.00 filing fee or file an Application to Proceed In Forma Pauperis. As a courtesy to Petitioner, the Court will direct the Clerk of Court to send *Petitioner* the court-approved forms for filing a petition for writ of habeas corpus and an Application to Proceed In Forma Pauperis.

**IT IS ORDERED**:

(1)     The Clerk of Court must modify the docket to reflect this case was filed by "Alexander Frometa Garcia, as Next Friend of Valentina Chavez Cano."

(2)     The Petition (Doc. 1) is **denied** and this action is **dismissed** without prejudice. The Clerk of Court must close this case and enter judgment accordingly.

(3)     Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability

---

[2] Even if Mr. Garcia had met his burden, there is no indication he is an attorney and, therefore, could not represent Petitioner in this proceeding. Although a non-lawyer may appear on his own behalf in his own case, he "has no authority to appear as an attorney for others than himself." *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) (quoting *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987)). *See also Bush v. Goodall*, 732 F. App'x 135, 137 (3d Cir. 2018) (a "next friend" cannot proceed in federal court without an attorney); *Morrison v. Tuolumne Cnty. Sheriff*, CV-25-01591-JLT-EPG-HC, 2025 WL 3268269, at *1 (E.D. Cal. Nov. 24, 2025) ("'Although the federal habeas corpus statute permits a 'next friend' to pursue a habeas action on behalf of another in certain circumstances, *see* 28 U.S.C. § 2246, the statute does not authorize the 'next friend' to proceed without an attorney." (quoting *United States v. Caputo*, CR-14-00041-JLT-SKO-1, 2023 WL 5207318, at *5 (E.D. Cal. Aug. 14, 2023))).

because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

(4)    The Clerk of Court must send a copy of this Order and the court-approved forms for filing a "Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody" and an Application to Proceed In Forma Pauperis to *Petitioner* at:

> Valentina Chavez Cano
> A 240-874-384
> Eloy Detention Center
> 1705 East Hannah Road
> Eloy, Arizona 85131.

(5)    As a one-time courtesy, the Clerk of Court must also send a copy of this Order to:

> Alexander Frometa Garcia
> 12758 Majorama Drive
> Orlando, Florida 32837.

Dated this 18th day of February, 2026.

_____
Honorable John J. Tuchi
United States District Judge

- 3 -

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

_____ ,

Petitioner,

v.

_____ ,

Respondent(s).

CASE NO. _____

**APPLICATION TO PROCEED
IN FORMA PAUPERIS
BY A PRISONER
(HABEAS)**

I, _____, declare, in support of my request to proceed in the above entitled case without prepayment of fees under 28 U.S.C. § 1915, that I am unable to pay the fees for these proceedings or to give security therefor and that I believe I am entitled to relief.

In support of this application, I answer the following questions under penalty of perjury:

1. Are you currently employed at the institution where you are confined?　　□Yes　　□No
   If "Yes," state the amount of your pay and where you work. _____

   _____

   _____

2. Do you receive any other payments from the institution where you are confined?　□Yes　□No
   If "Yes," state the source and amount of the payments. _____

   _____

   _____

Revised 3/15/16

1

3.   Do you have any other sources of income, savings, or assets either inside or outside of the institution where you are confined?                                               ☐Yes        ☐No

If "Yes," state the sources and amounts of the income, savings, or assets.   _____

_____

_____

I declare under penalty of perjury that the above information is true and correct.

_____                    _____

                DATE                                                                   SIGNATURE OF APPLICANT

---

### CERTIFICATE OF CORRECTIONAL OFFICIAL
### AS TO STATUS OF APPLICANT'S TRUST ACCOUNT

I,  _____, certify that as of the date applicant signed this application:

                 (Printed name of official)

The applicant's trust account balance at this institution is:     $_____.

_____

DATE                    AUTHORIZED SIGNATURE                    TITLE/ID NUMBER                    INSTITUTION

2

**Instructions for Filing a Petition Under 28 U.S.C. § 2241
for Writ of Habeas Corpus by a Person in Federal Custody
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>. If you are detained in Arizona, you may use this form to challenge your detention by federal immigration authorities or to challenge the execution of your federal sentence by the United States Bureau of Prisons. You are asking for release or earlier release on the grounds that your detention or future detention violates the United States Constitution or other federal law. You should not use this form to challenge a state or federal judgment of conviction or sentence. If you are challenging a conviction or sentence entered against you by a state court, you should file a petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody. If you are challenging a judgment of conviction or sentence entered by a federal court, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment. Any claim that may be brought or has already been brought in a motion under 28 U.S.C. § 2255 may not be brought using this form unless it appears that the § 2255 motion is inadequate or ineffective to test the legality of your detention. **This form should not be used in death penalty cases.** If you were sentenced to death, you are entitled to the assistance of counsel and you should request the appointment of counsel.

2. <u>The Form</u>. **Local Rule of Civil Procedure (LRCiv) 3.5(a) provides that habeas corpus petitions must be filed on the court-approved form.** The form must be typed or neatly handwritten. All questions must be answered clearly and concisely in the appropriate space on the form. If needed, you may attach additional pages. The form, however, must be completely filled in to the extent applicable. You do not need to cite law. If you want to file a brief or arguments, you must attach a separate memorandum.

3. <u>Your Signature</u>. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing Fee</u>. The filing fee for this action is $5.00. If you are unable to pay the filing fee, you may request permission to proceed in forma pauperis by completing and signing the Application to Proceed In Forma Pauperis provided with the petition form. You must have an official at the prison or jail complete the certificate at the bottom of the application form. If the amount of money in your account exceeds $25.00, you must pay the $5.00 filing fee. LRCiv 3.5(b).

5. <u>Original and Judge's Copy</u>. You must send an **original plus one copy** of your petition and of any other document submitted to the Court. You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you. All copies must be identical to the original. Copies may be legibly handwritten.

6. <u>Where to File</u>. You should **file your petition in the division where you are detained**. *See* LRCiv 5.1(a). If you are detained in Maricopa, Pinal, Yuma, La Paz, or Gila County, you should file your petition in the Phoenix Division. If you are detained in Apache, Navajo, Coconino, Mohave, or Yavapai County, you should file your petition in the Prescott Division. If you are detained in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, you should file your

Revised 3/15/16                                    1

petition in the Tucson Division.  *See* LRCiv 5.1(b) and 77.1(a).  **Mail the original and one copy of your petition with the $5.00 filing fee or the application to proceed in forma pauperis to:**

<div style="margin-left:2em">

Phoenix & Prescott Divisions:        **OR**        Tucson Division:
U.S. District Court Clerk                          U.S. District Court Clerk
U.S. Courthouse, Suite 130                         U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10                 405 West Congress Street
Phoenix, Arizona  85003-2119                       Tucson, Arizona  85701-5010

</div>

7.  Change of Address.  You must immediately notify the Court and respondents in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  Certificate of Service.  You must provide the respondents with a copy of any document you submit to the Court (except the initial petition and application to proceed in forma pauperis).  Each original document (except the initial petition and application to proceed in forma pauperis) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the respondents and the address to which it was mailed.  Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

<div style="margin-left:2em">

I hereby certify that a copy of the foregoing document was mailed
this _____ (month, day, year) to:
Name:    _____
Address:_____
       Attorney for Respondent(s)

_____
(Signature)

</div>

9.  Amended Petition.  If you need to change any of the information in the initial petition, you must file an amended petition.  The amended petition must be written on the court-approved petition for writ of habeas corpus form.  You may amend your pleading once without leave (permission) of Court within 21 days after serving it or within 21 days after any respondent has filed an answer, whichever is earlier.  *See* Fed. R. Civ. P. 15(a).  Thereafter, you must file a motion for leave to amend and lodge (submit) a proposed amended petition.  LRCiv 15.1.  An amended petition may not incorporate by reference any part of your prior petition.  LRCiv 15.1(a)(2).  **Any grounds not included in the amended petition are considered dismissed**.

10. Exhibits.  If available, you should attach a copy of all federal court and administrative written decisions regarding the detention you are challenging.  You should **not** submit any other exhibits with the petition.  Instead, the relevant information should be paraphrased in the petition.

11. Letters and Motions.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12. Exhaustion.  In order to proceed with this petition in federal court, you ordinarily must exhaust any administrative remedies available to you.  If you did not fairly present each of your grounds to the appropriate administrative agencies, your petition may be dismissed.

## FINAL NOTE

You should follow these instructions carefully.  Failure to do so may result in your petition being stricken or dismissed by the Court.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the petition is being continued and number all pages.

_____
Name and Prisoner Number/Alien Registration Number

**530**

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,

(Full Name of Petitioner)

          Petitioner,

v.

_____ ,

(Name of Warden, Jailor or authorized person
having custody of Petitioner)

          Respondent.

**CASE NO**. _____

(To be supplied by the Clerk)

**PETITION UNDER 28 U.S.C. § 2241
FOR A WRIT OF HABEAS CORPUS
BY A PERSON IN FEDERAL CUSTODY**

**PETITION**

1. What are you challenging in this petition?
   - ☐ Immigration detention
   - ☐ Bureau of Prisons sentence calculation or loss of good-time credits
   - ☐ Probation, parole or supervised release
   - ☐ Other (explain): _____
     _____

2. (a) Name and location of the agency or court that made the decision you are challenging: _____
   _____

   (b) Case or opinion number: _____

   (c) Decision made by the agency or court: _____
   _____
   _____

   (d) Date of the decision: _____

Revised 3/15/16          1

**530**

3.   Did you appeal the decision to a higher agency or court?    Yes ☐    No ☐

If yes, answer the following:

(a)  First appeal:

   (1)  Name of the agency or court: _____

   (2)  Date you filed: _____

   (3)  Opinion or case number: _____

   (4)  Result: _____

   (5)  Date of result: _____

   (6)  Issues raised: _____

   _____

   _____

   _____

   **Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

(b)  Second appeal:

   (1)  Name of the agency or court: _____

   (2)  Date you filed: _____

   (3)  Opinion or case number: _____

   (4)  Result: _____

   (5)  Date of result: _____

   (6)  Issues raised: _____

   _____

   _____

   _____

   **Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

(c)  Third appeal:

   (1)  Name of the agency or court: _____

   (2)  Date you filed: _____

   (3)  Opinion or case number: _____

(4)  Result: _____

(5)  Date of result: _____

(6)  Issues raised: _____

_____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

4.    If you did not appeal the decision to a higher agency or court, explain why you did not: _____

_____

_____

_____

_____

5.    Other than the appeals listed above, have you filed any other petitions, applications or motions concerning the issues raised in this petition?          Yes ☐          No ☐

If yes, answer the following:

(a)  Name of the agency or court: _____

(b)  Date you filed: _____

(c)  Opinion or case number: _____

(d)  Result: _____

(e)  Date of result: _____

(f)  Issues raised: _____

_____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

6.    For this petition, **state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States**.  Attach additional pages if you have more than four grounds.  State the <u>facts</u> supporting each ground.

**CAUTION:**  <u>To proceed in the federal court, you must ordinarily first exhaust (use up) your available administrative remedies on each ground on which you request action by the federal court.</u>

3

**GROUND ONE**: _____

_____

(a)  Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

(b)  Did you exhaust all available administrative remedies relating to Ground One?    Yes ☐    No ☐

(c)  If yes, did you present the issue to:
  ☐ The Board of Immigration Appeals
  ☐ The Office of General Counsel
  ☐ The Parole Commission
  ☐ Other: _____

(d)  If you did not exhaust all available administrative remedies relating to Ground One, explain why:

_____

4

**GROUND TWO**: _____

_____

_____

_____

_____

_____

(a)  Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b)  Did you exhaust all available administrative remedies relating to Ground Two?    Yes ☐     No ☐

(c)  If yes, did you present the issue to:
    ☐  The Board of Immigration Appeals
    ☐  The Office of General Counsel
    ☐  The Parole Commission
    ☐  Other: _____

(d)  If you did not exhaust all available administrative remedies relating to Ground Two, explain why:

_____

_____

_____

_____

_____

_____

_____

_____

_____

5

**GROUND THREE**: _____

_____

_____

_____

_____

_____

(a)  Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b)  Did you exhaust all available administrative remedies relating to Ground Three?  Yes ☐      No ☐

(c)  If yes, did you present the issue to:
☐ The Board of Immigration Appeals
☐ The Office of General Counsel
☐ The Parole Commission
☐ Other: _____

(d)  If you did not exhaust all available administrative remedies relating to Ground Three, explain why:

_____

_____

_____

_____

_____

_____

_____

6

**GROUND FOUR**: _____

_____

_____

_____

_____

    (a)  Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

    (b)  Did you exhaust all available administrative remedies relating to Ground Four?    Yes ☐      No ☐

    (c)  If yes, did you present the issue to:
         ☐ The Board of Immigration Appeals
         ☐ The Office of General Counsel
         ☐ The Parole Commission
         ☐ Other: _____

    (d)  If you did not exhaust all available administrative remedies relating to Ground Four, explain why:

_____

_____

_____

_____

_____

_____

7

**Please answer these additional questions about this petition:**

7.    Are you challenging your conviction or sentence in any of the grounds raised above?  Yes ☐        No ☐ (Claims challenging a federal conviction or sentence may only be raised in a motion under 28 U.S.C. § 2255, unless the § 2255 motion is legally inadequate or ineffective.)

If yes, answer the following:

(a)    Have you filed a motion under 28 U.S.C. § 2255?        Yes ☐        No ☐

If yes, answer the following:

(1)  Name of court: _____

(2)  Case number: _____

(3)  Opinion or case number: _____

(4)  Result: _____

(5)  Date of result: _____

(6)  Issues raised: _____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

(b)    Explain why the remedy under § 2255 is inadequate or ineffective: _____

_____

_____

_____

_____

8.    If this case concerns immigration removal proceedings, answer the following:

(a)    Date you were taken into immigration custody: _____

(b)    Date of removal or reinstatement order: _____

(c)    Did you file an appeal with the Board of Immigration Appeals?   Yes ☐        No  ☐

(1)  Date you filed: _____

(2)  Case number: _____

(3)  Result: _____

8

(4) Date of result: _____

(5) Issues raised: _____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

(d)   Did you file an appeal with the federal court of appeals?   Yes ☐        No  ☐

(1)  Name of the court: _____

(2)  Date you filed: _____

(3)  Case number: _____

(4)  Result: _____

(5)  Date of result: _____

(6)  Issues raised: _____

_____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

9.    Petitioner asks that the Court grant the following relief: _____

_____

_____

_____

_____

or any other relief to which Petitioner may be entitled.  (Money damages are not available in habeas corpus cases.)


I declare under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____(month, day, year).

_____

**Signature of Petitioner**


_____          _____

Signature of attorney, if any                                    Date

9